# Third District Court of Appeal

## State of Florida

Opinion filed August 1, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2362
Lower Tribunal No. 14-15183
_____

**Regal Entertainment Group, Inc.,**
Appellant,

vs.

**Maria Navas,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Marshall Dennehey Warner Coleman & Goggin and Ryan D. Burns, and Shane Haselbarth (Ft. Lauderdale), for appellant.

The Haggard Law Firm, P.A. and James C. Blecke, for appellee.

Before ROTHENBERG, C.J., and EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Regal Entertainment Group, Inc. ("Regal") appeals the final judgement in the sum of $652,900.10 entered in favor of Maria Navas ("Navas"). We reverse the

final judgement in part because the trial court erred in removing David Martin ("Martin") as a <u>Fabre</u>[1] defendant from the verdict form. We affirm the final judgment as to all other issues.

On July 30, 2012, Navas went to Regal South Beach to watch the midnight showing of *The Dark Night Rises*. During the movie, Martin, another patron in the theater, stood up and began to pace up and down the aisle while speaking to himself for approximately eight to ten minutes. Martin then exited the theater and returned approximately thirty seconds later. After reentering, Martin yelled, "Right now, right f***ing now," to another patron who was sitting in the bottom front row. On edge because of the shooting that occurred in an Aurora, Colorado theater ten days earlier, the other patrons frantically exited the theater after Martin's outburst. Navas was among the patrons who fled. While descending the stairs of the theater, an unknown patron pushed Navas from behind causing Navas's foot to land on the edge of a step, which caused her ankle to roll resulting in a Lisfranc fracture.[2] Officer David Calderin, who was called to subdue Martin, testified that he smelled alcohol on Martin's breath.

Navas underwent multiple surgeries to repair the fracture and, afterward, struggled to resume her active lifestyle. Navas sued Regal alleging that she injured

[1] <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993).

[2] A Lisfranc fracture is an injury of the foot in which one or more of the metatarsal bones are displaced from the tarsus.

2

her ankle after Martin's conduct prompted the other patrons to frantically exit the theater. Throughout the jury trial, the parties filed multiple motions for directed verdict that were denied, except for one motion that was granted in part as to one point, which is not germane to this appeal. The jury deliberated and found Regal 40% negligent and Martin 60% negligent. Navas once again moved for directed verdict to strike Martin's liability. The trial court entered an amended final judgment, which struck the jury's apportionment of 60% comparative fault to Martin.

On appeal, Regal contends that Martin should not have been removed as a Fabre defendant from the verdict form. We review the trial court's decision *de novo*. Christensen v. Bowen, 140 So. 3d 498, 501 (Fla. 2014).

A non-party may be added to the verdict form by a defendant to reduce the defendant's potential liability. § 768.81(3), Fla. Stat. (2011). Florida law holds each of multiple tortfeasors responsible for only that tortfeasor's portion of liability. Fabre, 623 So. 2d at 1185. The only applicable exception to this rule is found in the statute, preventing application of the statute to actions "based upon an intentional tort." § 768.81(4), Fla. Stat. (2011).

The trial court improperly removed Martin as a Fabre defendant having previously found, as a matter of law, that "at most Martin was negligent." Moreover, Navas argued at trial that the evidence clearly supported a conclusion

3

that Martin was negligent in his conduct. Therefore, the record does not support a conclusion that Martin committed an intentional tort. Thus, Martin does not fall within the only exception that would disqualify him as a <u>Fabre</u> defendant.[3]

We therefore conclude that the trial court improperly removed Martin from the verdict form as a <u>Fabre</u> defendant because Martin's conduct did not fall within the exception to section 768.81, Florida Statute (2011), as his conduct did not rise to the level of an intentional tort. We thus reverse and remand to reinstate the jury's apportionment to Martin as a <u>Fabre</u> defendant. We affirm the final judgment as to all other issues without further discussion.

Affirmed in part; reversed in part and remanded.

---

[3] Navas argued that because Regal was derivatively liable for Martin's conduct, Martin could not be a <u>Fabre</u> defendant. In the cases cited by Navas in support of her position, the holdings were based on the courts' findings that the actions were based on an intentional tort. Navas also relies on the Restatement (Second) of Torts, section 449, a position that ignores section 768.81, Florida Statute (2011).